**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| **CARL UPTON,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.: 7:17-CV-00148-HL** |
| | : | |
| **v.** | : | |
| | : | |
| **SOUTH EDEN PLANTATION, LLC and DERLYN SPARROW,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

---

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SOUTH EDEN PLANTATION, L.L.C. TO PLAINTIFF'S COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATION**

---

COMES NOW SOUTH EDEN PLANTATION, L.L.C. (hereinafter referred to as "Defendant South Eden"), by its undersigned attorney, and hereby files this Answer and Affirmative Defenses to Plaintiff Carl Upton's ("Plaintiff") Complaint Under 29 U.S.C. 201-216 Overtime Wage Violation ("Plaintiff's Complaint") as follows:

## AFFIRMATIVE DEFENSES

1.

Defendant South Eden denies the material allegations asserted in Plaintiff's Complaint and demands strict proof thereof.

2.

The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts to constitute a cause of action against Defendant South Eden upon which relief may be granted.

3.

Plaintiff received all sums of money to which he was legally entitled.

4.

The assertions set forth in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of payment and accord and satisfaction, as Plaintiff was compensated for all sums legally due under the FLSA.

5.

No action or omission on the part of Defendant South Eden either caused or contributed to whatever injury or damage Plaintiff may have sustained.

6.

Defendant South Eden has not deprived Plaintiff of any rights secured by the laws of the United States with the result that Plaintiff is not entitled to recover from Defendant South Eden in any amount whatsoever.

7.

Defendant South Eden shows that there has been no unlawful action or inaction on the part of Defendant South Eden proximately causing Plaintiff's alleged injuries, with the result that Plaintiff is not entitled to recovery from Defendant South Eden in any amount whatsoever.

8.

The assertions set forth in Plaintiff's Complaint are barred, in whole or in part, because Defendant South Eden did not require any Plaintiff to work in excess of forty (40) hours during any work week.

9.

Plaintiff's purported claims are barred, in whole or in part, by Plaintiff's failure to

mitigate his alleged damages, insofar as Plaintiff failed to utilize internal complaint procedures available to him regarding the matters alleged in Plaintiff's Complaint.

10.

Plaintiff is estopped from pursuing the claims contained in Plaintiff's Complaint by reason of Plaintiff's own actions and course of conduct.

11.

Defendant South Eden at all times acted in good faith and had reasonable grounds for believing that their alleged actions and omissions, if any, were in compliance with the FLSA, with the result that any claims for liquidated damages or penalties are barred as any violation was not willful.

12.

To the extent the Court finds that Defendant South Eden took any actions or omissions with respect to Plaintiff, such act or omissions concerning or affecting Plaintiff were undertaken in good faith to comply with the FLSA and with reasonable grounds that the actions did not violate the FLSA, and were justified, proper, and lawful, and were taken without any intent to violate the FLSA.

13.

The assertions set forth in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release, accord and satisfaction, and/or unclean hands.

14.

Recovery, if any, by Plaintiff must be reduced to the extent said Plaintiff failed to mitigate his damages.

15.

Defendant South Eden denies that it violated any provision of the FLSA, and specifically denies any alleged violation was willful; with the result that if any liability were established, which Defendant South Eden expressly denies, a two (2) year statute of limitations would apply.

16.

Plaintiff has failed to plead facts with sufficient particularity to support an award of liquidated damages.

17.

While Defendant expressly denies any improper action or inaction, any action or inaction found to be in violation of any law were not known to Defendant nor should have been known to Defendant.

18.

The assertions set forth in Plaintiff's Complaint are barred, in whole or in part, to the extent the assertions involve transactions or events that are outside the applicable statute(s) of limitations and/or repose.

19.

Plaintiff is estopped from pursuing the claims contained in Plaintiff's Complaint by reason of Plaintiff's own actions and course of conduct.

20.

Defendant at all times acted in good faith and had reasonable grounds for believing that its alleged actions and omissions, if any, were in compliance with the FLSA, with the result that any claims for liquidated damages or penalties are barred as any violation was not willful.

21.

Defendant South Eden reserves the right to modify or supplement their defenses and to plead additional defenses and affirmative defenses to Plaintiff's claims based on such facts and circumstances as become known subsequent to the date hereof.

SUBJECT TO THE FOREGOING DEFENSES AND WITHOUT WAIVING SAME, DEFENDANT SOUTH EDEN RESPONDS TO THE INDIVIDUALLY ENUMERATED PARAGRAPHS OF PLAINTIFF'S COMPLAINT AS FOLLOWS:

**ANSWER**

1.

Paragraph 1 of Plaintiff's Complaint is an introductory paragraph which states a legal conclusion to which no response is required. To the extent a response is deemed required, and to the extent the introductory paragraph contains factual allegations, Defendant South Eden admits that Plaintiff asserts this instant action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 -216 ("FLSA"); however, Defendant South Eden denies each and every allegation asserted by Plaintiff against Defendant South Eden regarding any alleged violation of the FLSA. Further, Defendant South Eden denies that it deprived Plaintiff of any rights secured by the FLSA, with the result the Plaintiff is not entitled to recovery against Defendant South Eden in any amount whatsoever.

2.

Defendant South Eden denies that allegations and implications contained in Paragraph 2 of Plaintiff's Complaint regarding violations of the FLSA. By way of further response, as it relates to Plaintiff's residence, based on information and belief, Plaintiff was a resident of Thomas County, Georgia while employed with Defendant South Eden. All remaining

allegations contained in Paragraph 2 of Plaintiff's Complaint stand denied.

3.

Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, and to the extent Paragraph 3 of Plaintiff's Complaint contains factual allegations, Defendant South Eden admits it regularly transacts business within Thomas County, Georgia and that Plaintiff was employed by Defendant South Eden. All remaining allegations contained in Paragraph 3 of Plaintiff's Complaint stand denied.

4.

Paragraph 4 of Plaintiff's Complaint is not directed to Defendant South Eden with the result that no response from Defendant South Eden is required. However, Defendant South Eden denies the allegations contained in Paragraph 4 contained in Plaintiff's Complaint.

5.

Denied.

**COUNT I. FEDERAL OVERTIME VAGE VIOLATION**

6.

Denied.

7.

Defendant South Eden does not contest that venue is proper in this Honorable Court; however, Defendant South Eden denies liability under any theory of relief. Further, Defendant South Eden denies that it deprived Plaintiff of any right secured by the FLSA with the result that Plaintiff is not entitled to recovery against Defendant South Eden in any amount whatsoever. All remaining allegations contained in Paragraph 7 of Plaintiff's Complaint stand denied.

8.

Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is deemed required and to the extent Paragraph 8 of Plaintiff's Complaint contains factual allegations, Defendant South Eden admits that it employed Plaintiff and that it recognized and complied with the FLSA with respect to its' employees, including Plaintiff. Defendant South Eden denies that it deprived Plaintiff of any right secured by the FLSA with the result that Plaintiff is not entitled to recovery against Defendant South Eden in any amount whatsoever. All remaining allegations contained in Paragraph 8 of Plaintiff's Complaint stand denied.

9.

Denied as stated. By way of further response, Defendant South Eden admits that Plaintiff worked for Defendant South Eden from May 15, 2011 through July 5, 2017.

10.

Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is deemed required and to the extent Paragraph 10 of Plaintiff's Complaint contains factual allegations, Defendant South Eden admits that it employed Plaintiff and that it recognized and complied with the FLSA with respect to its' employees, including Plaintiff. Defendant South Eden denies that it deprived Plaintiff of any right secured by the FLSA with the result that Plaintiff is not entitled to recovery against Defendant South Eden in any amount whatsoever. All remaining allegations contained in Paragraph 10 of Plaintiff's Complaint stand denied.

11.

Denied.

12.

Paragraph 12 states a legal conclusion to which no response is required. To the extent a

response is deemed required and to the extent Paragraph 12 of Plaintiff's Complaint contains factual allegations, Defendant South Eden admits that it employed Plaintiff and that it recognized and complied with the FLSA with respect to its' employees, including Plaintiff. Defendant South Eden denies that it deprived Plaintiff of any right secured by the FLSA with the result that Plaintiff is not entitled to recovery against Defendant South Eden in any amount whatsoever. All remaining allegations contained in Paragraph 12 of Plaintiff's Complaint stand denied.

13.

Denied.

14.

Denied.

15.

Answering the unnumbered Plaintiff's Complaint (Request for Damages), Defendant denies any and all allegations or implications of violation of the FLSA and, further, denies each and every measure of and/or Prayer for Relief, including wages, lost income, overtime compensation, compensation of any kind, pre-judgment and post judgment interest, costs, attorneys' fees, and any other related further relief sought in Plaintiff's Prayer for Relief. Defendant further denies any and all allegations or implications of unlawful conduct contained in the last unnumbered paragraph of Plaintiff's Complaint for Damages and, further, denies that the Plaintiff is entitled to recovery against the Defendant in any amount whatsoever.

16.

Defendant South Eden acknowledges Plaintiff's demand for trial by jury, but denies Defendant South Eden deprived Plaintiff of any right secured by the FLSA and, further, denies that Plaintiff is entitled to the relief sought. Further, Defendant South Eden denies that Plaintiff

is entitled to a trial as each and every claim asserted against Defendant South Eden is subject to dismissal and should be rightly disposed of prior to trial. Defendant South Eden demands a trial by jury composed of twelve (12) jurors in the event that Plaintiff's Complaint is not sooner dismissed.

17.

Defendant South Eden hereby denies each and every allegation or implication contained in Plaintiff's Complaint not specifically responded to herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant South Eden hereby demands that it be henceforth discharged, that the Complaint against it be dismissed, that the Plaintiff have no recovery whatsoever against Defendant South Eden, and that the cost of this action be cast upon the Plaintiff.

This 2nd day of October, 2017.

MOORE CLARKE DuVALL & RODGERS, P.C.
*Attorneys for South Eden Plantation, L.L.C.*

***/s/ C. Jason Willcox***
**C. JASON WILLCOX,** Ga. Bar No.: 760322
Post Office Drawer 71727
Albany, Georgia 31708-1727
T: (229) 888-3338
F: (229) 888-1191
E: jwillcox@mcdr-law.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the ***ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SOUTH EDEN PLANTATION, L.L.C. TO PLAINTIFF'S COMPLAINT*** was electronically filed on the CM/ECF system and that the parties were served via U.S. Mail and electronic mail at the following address:

James M. Loren
GOLDBERG & LOREN, P.A.
100 S. Pine Island Road, Suite 132
Plantation, Florida 33324

*Attorneys for Plaintiff*

This 2nd day of October, 2017.

MOORE CLARKE DuVALL & RODGERS, P.C.
*Attorneys for South Eden Plantation, L.L.C.*

***/s/ C. Jason Willcox***
**C. JASON WILLCOX,** Ga. Bar No.: 760322
Post Office Drawer 71727
Albany, Georgia 31708-1727
T: (229) 888-3338
F: (229) 888-1191
E: jwillcox@mcdr-law.com